**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 0:11-cv-61682-COOKE/TURNOFF**

**UNITED STATES OF AMERICA,**
*ex rel* **DULCE M. RAMIREZ-DAMON,**

      **Plaintiff/Relator**

vs.

**ATI ENTERPRISES, INC.,**

      **Defendant.**
_____/

**UNITED STATES OF AMERICA'S UNOPPOSED**
**MOTION TO INTERVENE FOR PURPOSES OF SETTLEMENT**
**WITH SUPPORTING MEMORANDUM OF LAW**

The United States of America, by its undersigned counsel, hereby moves to intervene in this action, pursuant to 31 U.S.C. § 3730(b)(4), for purposes of settlement. As grounds in support of this motion, the United States submits the following Memorandum of Law.

**Memorandum of Law**

1.    Relator filed the *qui tam* Complaint, pursuant to the False Claims Act ("FCA"), on July 28, 2011. The Relator served the United States Attorney's Office for the Southern District of Florida and the Attorney General with the *qui tam* Complaint and Relator's Disclosure Statement on August 1, 2011.

2.    On December 7, 2012, the United States notified the Court that it could not make a decision to intervene in this matter by the Court's deadline for the reasons expressed in the United States' prior filings with the Court and that the Relator could therefore proceed [E.C.F. 20]. Following that decision, Relator elected to pursue this matter on her own pursuant to 31

U.S.C. § 3730(c)(3). The Court unsealed Relator's complaint on January 16, 2013 [E.C.F. Nos: 21, 22], and Defendant ATI Enterprises Inc. ("ATI") filed its Notice of Waiver of Service of Summons on April 3, 2013 [E.C.F. No. 23]. ATI filed its Answer on July 31, 2013 [E.C.F. No. 27.]

3. As the United States has previously advised the Court, since long prior to the United States' filing of its Notice on December 7, 2012, the United States has been actively pursuing settlement in this case and another *qui tam* case filed by six other relators against ATI in the Northern District of Texas.

4. The United States, Relator in this action and the Relators in the Texas action, and ATI and its related entities have reached an agreement in principle to resolve this action. In light of this agreement, and for the purpose of effectuating and formalizing that resolution, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4), the United States respectfully advises the Court of its decision to intervene in this matter for the purposes of settlement.

5. Under the terms and conditions of the Settlement Agreement that the parties will soon be executing, the parties anticipate that they will file a Stipulation of Dismissal in this action on or before September 30, 2013.

6. In light of the proposed resolution of this case, the United States does not presently intend to file a complaint in intervention but reserves the right to seek leave to file such a complaint in the event the settlement is breached.

7. The False Claims Act provides that after a relator "proceeds with [a *qui tam*] action, the court, without limiting the status and rights of the person initiating the action, [the Court] may nevertheless permit the Government to intervene at a later date upon a showing of

good cause." 31 U.S.C. § 3730(b)(4).  The United States submits that the agreement of the parties, allowing completion of the settlement agreement, and accommodating dismissal of the claims against ATI, all provide good cause to allow the United States to intervene.  The United States also submits that allowing this intervention and settlement to go forward will not prejudice any other parties to this litigation.

### Local Rule 7.1 Certificate

Relator and ATI have given the United States authority to represent to the Court that they do not oppose the requested relief.  In providing consent, Relator requested that the United States specifically advise the Court that while an agreement with the Defendant has been reached in principle, there are remaining issues, the Settlement Agreement has not been consummated or finalized, and payments have not been tendered.  Accordingly, Relator would request that the Court retain jurisdiction in order to enforce the terms of the settlement.  The United States notes that only after execution of the Settlement Agreement by all parties will the parties seek dismissal of the instant case as well the case pending in the Northern District of Texas.

### Conclusion

For all the foregoing reasons, the United States requests that this motion be granted.

Respectfully submitted,

Dated:  August 7, 2013

| | |
|---|---|
| **STUART F. DELERY** | **WIFREDO A. FERRER** |
| **ASSISTANT ATTORNEY GENERAL** | **UNITED STATES ATTORNEY** |
| | |
| **MICHAEL D. GRANSTON** | / James A. Weinkle |
| **RENÉE BROOKER** | **JAMES A. WEINKLE** |
| **CLARE WUERKER** | **Assistant United States Attorney** |
| Attorneys | Fla. Bar No.: 0710891 |
| **U.S. Department of Justice** | 99 N.E. 4th Street, 3rd Floor |
| Civil Division | Miami, Florida 33132 |

P.O. Box 261, Ben Franklin Station
Washington, DC 20044

Tel.:  202.305.4033
Fax:  202.304-5788
Email: clare.wuerker@usdoj.gov

Counsel for United States

Tel.:  305.961.9290
Fax:  305.530.7139
Email: James.Weinkle@usdoj.gov

Counsel for United States

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on August 7, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        **/ James A. Weinkle**
        **JAMES A. WEINKLE**
        **Assistant United States Attorney**